IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PEDRO ORTIZ, §<br>    *Plaintiff,* §<br>§<br>VS. §<br>§<br>STATE FARM LLOYDS AND §<br>CONNIE ROSENTHAL §<br>    *Defendants,* § | | CIVIL ACTION NO. 5:16-cv-283<br><br><br><br><br>**JURY DEMANDED** |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants State Farm Lloyds (hereinafter "State Farm") and Connie Rosenthal (hereinafter "Rosenthal") file this Notice of Removal to remove from the 406th Judicial District Court of Webb County, Texas to this Court a suit styled *Pedro Ortiz v. State Farm Lloyds and Connie Rosenthal* and docketed under Cause No. 2016CVT001398 (hereinafter referred to as the "State Court Action").

### STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1. This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction. 28 U.S.C.A. § 1441(a).

2. Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

### TIMELINESS OF NOTICE OF REMOVAL

3. This Notice is timely under 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days after Defendants State Farm Lloyds and Rosenthal were served with Plaintiff's Original Petition; therefore, Defendants are entitled to remove the case. Plaintiff's original state

1

court petition naming State Farm and Rosenthal as Defendants was filed on May 11, 2016. Defendants State Farm and Rosenthal were served on August 22, 2016.

4.     True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit A, as required by 28 U.S.C. §1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit B.

## NATURE OF PLAINTIFF'S CASE AGAINST DEFENDANTS

5.     This suit involves a claim made for property damage arising from a hail/windstorm that allegedly occurred on or about November 6, 2015 at Plaintiff's residence. State Farm is the insurer for Plaintiff. Plaintiff now sues Defendants State Farm and Rosenthal, alleging violations of the Texas Insurance Code, violations of Deceptive Trade Practices Act, fraud and conspiracy to commit, and also sues State Farm for breach of contract and breach of the duty of good faith and fair dealing. *See* Plaintiff's Original Petition attached as Exhibit A-2.

## DIVERSITY JURISDICTION PERMITS REMOVAL

6.     Pursuant to 28 U.S.C.A. § 1332(a)(1), this Court has diversity jurisdiction.

7.     Plaintiff is a citizen of Webb County, Texas, as alleged in his Original Petition.

8.     Defendant State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.*, 511 U.S. 1032, 114 S.Ct. 1541,

128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members).

9. Defendant Rosenthal is a citizen of Pinellas County, Florida.

10. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants.

11. The amount in controversy is in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs. 28 U.S.C.A §1332(a). Defendants note that Plaintiff pleads that "Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court ...." *See* Exhibit A-2 – Plaintiff's Original Petition, *Section IV*. Plaintiff, through counsel, also sent State Farm a demand May 12, 2016 in the amount of $130,000.00 for alleged damages to Plaintiff's property plus interest and attorney's fees. See Exhibit C – Plaintiff's Demand Letter dated May 12, 2016 demanding $130,000.00 (total).

11. Plaintiff did not include the required statement of relief required by Texas Rule of Civil Procedure 47(c) in his petition. Plaintiff also pled that this case is governed by Discovery Level 2. *See* Exhibit A-2 – Plaintiff's Original Petition, *Section I.*

12. Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy. 28 U.S.C. § 1332(a). However, a plaintiff's pleading of a specific sum does not control when made in bad faith or when, as in Texas, state court practice does not permit demand for a specific sum. *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); Tex. R. Civ. P. 47(b)-(c).

13. Texas state court practice does not permit a demand for a specific sum. *See* Tex. R. Civ. P. 47(b)-(c); *see also Chavez*, at *2.

14. As stated above, Plaintiff served a demand letter on State Farm pursuant to the Texas Insurance Code and the Texas Deceptive Trade Practices Act which stated that Plaintiff has suffered damages to his residence in the amount of $44,424.00. *See* Exhibit C – Plaintiff's Demand Letter dated May 12, 2016.

15. In addition to actual damages and attorney's fees, Plaintiff's original petition requests treble damages, 18% interest under the Texas Insurance Code, and exemplary damages. *See* Exhibit A-2 at *Section XVI*. Exemplary damages are to be considered in determining the amount in controversy if the defendant could be liable for such damages under state law. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000.00; or … $200,000.00." Tex. Civ. Prac. & Rem. Code §41.008(b)(1)-(2). Therefore, the $75,000.00 amount in controversy federal jurisdictional requirement could easily be met if Plaintiff is successful in his claim for treble and punitive damages.

## NOTICE SHALL BE PROVIDED

16. Pursuant to 28 U.S.C. §1446(d), Defendants State Farm and Rosenthal will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Webb County, Texas, where the State Court Action was previously pending.

## JURY DEMANDED BY PLAINTIFF

17. Plaintiff requested a trial by jury in the State Court Action.

## CONCLUSION

WHEREFORE, Defendants State Farm and Rosenthal hereby request removal of this case, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendants may be justly entitled.

Respectfully submitted,

BY : */s/ Sarah Pierce Cowen*
Sarah Pierce Cowen
Federal ID No. 7973
State Bar No. 15997480
sarah@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

**ATTORNEY-IN-CHARGE FOR DEFENDANTS STATE FARM LLOYDS AND CONNIE ROSENTHAL**

Of Counsel:
Viola G. Garza
State Bar No. 00787518
Federal ID No. 19310
viola@cowengarza.com
Summer Olmos
Federal ID No. 625129
State Bar No. 24051134
summer@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding Defendant's Notice of Removal has been filed electronically with the Clerk of the Court and Notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile, to the following CM/ECF participants on this 20th of September 2016.

***Via Electronic Filing System***
***and Facsimile:*** ***johnsaenzlaw@gmail.com***
John Saenz
JOHN SAENZ & ASSOCIATES, P.C.
805 Dallas Avenue
McAllen, Texas 78501
Tel. (956) 467-0111

                                              */s/ Sarah Pierce Cowen*
                                              Sarah Pierce Cowen