# EXHIBIT "A-2"

Filed
5/11/2016 6:29:02 PM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2016CVT001398D4

**CAUSE NO. _____**

| | | |
|---|---|---|
| PEDRO ORTIZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | \_\_ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS and CONNIE | § | |
| ROSENTHAL | § | |
| *Defendant* | § | WEBB COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFF, PEDRO ORTIZ, (hereinafter referred to as "PLAINTIFF"), and files this Plaintiff's Original Petition against DEFENDANTS, STATE FARM LLOYDS and CONNIE ROSENTHAL, and for cause of action would respectfully show the Court the following:

#### I.  Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 2.

#### II.

Defendant, STATE FARM LLOYDS (hereinafter referred to as "STATE FARM"), is an insurance company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its registered agent for service at the following: Corporation Service Company, 211 7th St., Ste. 620, Austin, Texas 78701.

A true copy of the original I certify
\_\_\_\_\_ day of _sept_ 20 _16_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy

Defendant, CONNIE ROSENTHAL, is an insurance adjuster residing in the state of Texas and may be cited with process by Certified Mail Return Receipt Requested at its principal place of business at: 1530 P B Ln. #4075, Wichita Falls, Texas 76302-2615.

STATE FARM and CONNIE ROSENTHAL are in the business of insurance in the State of Texas. The insurance business done by STATE FARM in Texas includes, but is not limited to the following:

1.  The making and issuing of contracts of insurance with the PLAINTIFF;

2.  The taking or receiving of application for insurance, including the PLAINTIFF's application for insurance;

3.  The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4.  The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF.

5.  The adjusting and inspection of PLAINTFF's insurance claims;

6.  Making insurance coverage decisions;

7.  Taking part in making insurance coverage decisions; and

8.  Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions.

PLAINTFF is a consumer of DEFENDANTS, in that PLAINTIFF purchased insurance from said entity and/or service to be provided by it. Each of said Defendants

2

are individuals, corporations, associations, partnerships, or other legal entities engaged in the business of insurance. Such Defendants constitute persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

### III. Jurisdiction and Venue

Venue of this action is proper in WEBB County, Texas because: the policy at issue were issued and delivered in WEBB County, Texas; the property insured is situated in WEBB County, Texas; Plaintiff's losses occurred in WEBB County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to Plaintiff's claims and causes of action occurred in WEBB County, Texas.

### IV. Facts

STATE FARM and CONNIE ROSENTHAL and/or its agents committed the actions alleged by PLAINTIFF, PEDRO ORTIZ, in this complaint. PLAINTIFF owns the property located at: 710 Zebra Dr., Laredo, Texas 78045; Policy No. 83-KH-7700-1; Claim No. 53772Q090.  STATE FARM provided insurance coverage to the PLAINTIFF for such dwelling, and personal property, as described above.

Due to the storm that occurred in WEBB County, Texas on November 6, 2015, PLAINTIFF sustained covered losses in the form of windstorm, water, and/or hailstorm damages resulting therefrom, including, but not limited to, damage to the roof, interior, and architectural finishes of the property. Said damages occurred during the term of PLAINTIFF's insurance policies.  As a result, PLAINTIFF's property sustained damage, including the cost of destruction and restoration of the property necessary to assess and fix the damaged areas.

3

PLAINTIFF immediately noticed the damages to his property and promptly reported the loss to STATE FARM pursuant to the terms of the insurance policy. Following PLAINTIFF's claim to STATE FARM, an adjuster was sent to the property to assess the damage. The inspection of the property proved inadequate. The adjuster did not take the time to thoroughly inspect all of the damages that were present, he merely performed a precursory overlook of the property; as such the full scope of PLAINTIFF's damages was not inspected. As the full scope of damages were not taken into account, much of PLAINTIFF's cost of repair were omitted from the estimate. Thus, DEFENDANT could avoid full payment on the full scope of PLAINTIFF's claim. In an attempt to avoid paying PLAINTIFF the full amount owed to him under the policy, Defendant made several shortcuts on the estimate, for example, estimating the removal of small areas of roof and ceiling damage when there was a larger area of damage that needed replacement, with other damages being completely omitted from the estimate. Defendant further attempted to avoid full payment by stating certain storm damages were due to rot and deterioration that was not covered, which PLAINTIFF knew to be false. PLAINTIFF was not provided with any further explanation other than vague policy language and has no understanding of STATE FARM'S decision or why certain damages were not addressed. At no time before presenting PLAINTIFF with its response to his claim did DEFENDANTS ever perform a thorough and proper inspection of the property. DEFENDANTS failed to properly investigate PLAINTIFF's claim, thus any coverage response to his claim was premature.

While DEFENDANT did acknowledge that there was storm damage to PLAINTIFF's home, it still denied full payment on the claim by falsely stating that some

4

damages were not covered due to rot and deterioration, and by entirely omitting other damages from Defendant's estimate. In doing so, STATE FARM misrepresented to PLAINTIFFS damages and coverage. However, PLAINTIFF's property has since been inspected by a disinterested contractor who performed a complete inspection of the property, and it has become apparent both that PLAINTIFF suffered extensive storm damage and also that Defendants grossly underrepresented the extent of PLAINTIFF's storm damages and the cost that it would take to repair the damages, damages that were covered under PLAINTIFF's insurance policy with STATE FARM. Several damage repair costs were undervalued in the Defendants' estimate and several were missing entirely. In not performing a complete inspection of the property and not including the full scope of PLAINTIFF's covered damages in the estimate of repair costs, DEFENDANT did not perform a reasonable investigation into PLAINTIFF's claim.

PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of STATE FARM'S conduct.

### V. Agency and Respondent Superior

Whenever in this petition it is alleged that the Defendant did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

## VI. Conditions Precedent

All notices and proofs of loss were timely and properly given to STATE FARM, in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to STATE FARM. All of the conditions precedent to bring this suit under the insurance policies have occurred. Despite the fact that all conditions precedent to PLAINTIFF's recovery has occurred and/ or has been performed, STATE FARM has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VII.   Breach of Contract-STATE FARM

PLAINTIFF purchased an insurance policy with STATE FARM.  PLAINTIFF's property was damaged by windstorm, water, and/or hailstorm damage of which are covered under the insurance policy. STATE FARM has denied payment of PLAINTIFF's covered claims. STATE FARM has no reasonable basis for denying, delaying, and failing to pay PLAINTIFF's claim for damages.  STATE FARM knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims as they relate to storm damage to the property, covered by PLAINTIFF's policy. Had DEFENDANT's adjuster performed a complete and thorough inspection of PLAINTIFF's property as was his duty to do, DEFENDANT would know the full extent of the damage. The conduct of STATE FARM was irresponsible, and unconscionable as DEFENDANT did not properly investigate PLAINTIFF's claim and is attempting to

6

deny payment for PLAINTIFF's claim for covered damages. STATE FARM took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree in omitting covered damages in DEFENDANT's estimate and categorizing some of PLAINTIFF's damages as deterioration rather than covered storm damage. By this conduct, STATE FARM has misrepresented PLAINTIFF's coverage, extent of damages, and cost to repair.  Through its actions herein and in Section IV above, DEFENDANT breached its contract with the PLAINTIFF. The conduct of STATE FARM has proximately caused the injuries and damages to the PLAINTIFF.

### VIII.   DTPA Violations-STATE FARM

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). In not performing a thorough inspection into PLAINTIFF's claim, not performing a thorough inspection of PLAINTIFF's property, undervaluing PLAINTIFF's repair costs, and basing its coverage amount on an estimate that did not include the full scope of PLAINTIFF's damages, STATE FARM took advantage of PLAINTIFF's lack of knowledge in construction and insurance claims processes.  In minimizing and omitting PLAINTIFF's certain damages from the estimate, STATE FARM misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding covered damages to PLAINTIFF's property. Further, DEFEDNANT represented that all damages were covered in its estimate, but this was untrue.  By its conduct in herein and in Section IV above, STATE FARM has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF's damages:

7

(a)     STATE FARM made false representations about PLAINTIFF's rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     STATE FARM actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     STATE FARM failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by STATE FARM at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, STATE FARM violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

STATE FARM's conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. The conduct of STATE FARM was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, STATE FARM may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.   PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

### IX.    Unfair Insurance Practices-STATE FARM

STATE FARM failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair.   STATE FARM based its coverage off of an incomplete assessment of PLAINTIFF's damages as several damages were undervalued or omitted or ignored completely, and represented to PLAINTIFF that it based its coverage decision on the full scope of damage to his property when this was not the truth. As such, STATE FARM's investigation of PLAINTIFF's claim was improper. By attempting to dispose of his claim without fully assessing all of the damages and cost to repair, DEFENDANT did not properly process PLAINTIFF's claim.   In its denial of coverage, DEFENDANT has misrepresented material facts to the PLAINTIFF regarding his coverage and extent of his damages.   In relying on partial inspections that did not account for the full scope of PLAINTIFF's property damage, and then subsequently denying full payment of PLAINTIFF's claim based on inaccuracies, STATE FARM failed to address all the damage to the property and its contents causing further damage to PLAINTIFF.

STATE FARM has intentionally failed to fully inspect the property and PLAINTIFF's damages before denying payment on the claim, intentionally failed to fully investigate the losses, failed to properly convey all information to PLAINTIFF by not informing him of the full extent of damages that needed to be addressed, and has intentionally and completely ignored those damages.   PLAINTIFF's property suffered from covered losses and damages of which DEFENDANT is fully aware, particularly as it has since received an estimate based on a complete and thorough inspection from an independent, outside contractor.   STATE FARM has concealed damage known by it to

9

exist by excluding certain damages from its estimate and not performing a proper investigation into PLAINTIFF's claim.   STATE FARM has known about covered windstorm, hailstorm, and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PALINTIFF's pleas for help.   STATE FARM has failed to warn PLAINTIFF of consequential damage to his property.

By its conduct outlined above, STATE FARM committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. STATE FARM committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)   STATE FARM failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF's claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)   STATE FARM failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)   STATE FARM refused to pay a claim without conducting a reasonable investigation with respect to the claims (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)   STATE FARM breached its duty of good faith and fair dealing at common law;

(5)      STATE FARM failed within a reasonable time to affirm or deny coverage of a claim to a policyholders (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)      STATE FARM failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurers policy (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)      STATE FARM compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholders (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)      STATE FARM violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)      STATE FARM undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)     STATE FARM made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)     the terms of the policy; and/or

        (ii)    the benefits or advantages promised by the policy.

(11)     STATE FARM made an untrue statement of material facts (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(12)   STATE FARM failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(13)   STATE FARM made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(14)   Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(15)   Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

STATE FARM's conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three times the amount of actual damages due to STATE FARM's  knowing conduct.

X.     **Breach of the Duty of Good Faith and Fair Dealing-STATE FARM**

From and after the time the PLAINTIFF's claims were presented to STATE FARM, liability to pay the claims in accordance with the terms of the insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF's claims, STATE FARM refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, STATE FARM knew or should have

known by the exercise of reasonable diligence that their liability was reasonably clear, particularly when STATE FARM received PLAINTIFF's estimate from the disinterested contractor that inspected the property.  As previously stated in Section IV above, STATE FARM failed to conduct a reasonable and proper inspection of the claims; by ignoring damages and by its improper investigation and estimation of repair costs, STATE FARM refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying valid claims.  This constitutes failing to handle or process PLAINTFF's claims in good faith, an affirmative duty placed on the Defendants, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STATE FARM breached its duty to deal fairly and in good faith with the PLAINTIFF. STATE FARM breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which he sues.

## XI.      Texas Insurance Code 542, Subchapter B Delay in Payment-STATE FARM

Following the November 6, 2015 storm, PLAINTIFF gave prompt notice of his claim to DEFENDANT, STATE FARM. STATE FARM has engaged in unfair settlement claims practices as discussed in Section IV above and denied and/or have delayed payment on PLAINTIFF's claim. STATE FARM did not properly investigate PLAINTIFF's claim, and its reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable as a thorough inspection was not performed and it did not take into account all of PLAINTIFF's damages. STATE FARM's investigation and use of adjusters' reports was an "outcome oriented investigation" that omitted several covered losses. PLAINTIFF alleges that

13

STATE FARM has overused its adjusters and disputes the reliability of its investigative findings as STATE FARM's estimate was a fraction of that provided by the disinterested contractor. STATE FARM failed to comply with the requirements of Chapter 542 listed herein:

> (a)    Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

> (b)    Failing to pay PLAINTIFF's claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

> (c)    Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from STATE FARM the statutory penalty of 18% per annum on all amounts due on PLAINTIFF's claim, together with attorney's fees, for which he sues.

### XII.   Allegations Against CONNIE ROSENTHAL

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). CONNIE ROSENTHAL is a "person" subject to the insurance code by its conduct outlined, and engaged in DTPA violations. In not performing a thorough inspection, leaving covered damages off of the estimate, and undervaluing the costs of repair, CONNIE ROSENTHAL took advantage of PLAINTIFF's lack of knowledge in construction

and insurance claims processes. In not reporting all of PLAINTIFF's covered damages in his inspection, DEFENDANT misrepresented losses covered under the insurance policies and failed to disclose pertinent information regarding damages to the PLAINTIFF's property by failing to inform PLAINTIFF of damages that needed to be addressed.  By his conduct herein and in Section IV above, CONNIE ROSENTHAL has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF's damages:

    (1)    CONNIE ROSENTHAL made false representations about PLAINTIFF's rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and his benefits in violation of §§ 17.46(b)(5), (7), ( 1 2) and (14), Texas Business & Commerce Code;

    (2)    CONNIE ROSENTHAL actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief  under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

    (3)    As described above, CONNIE ROSENTHAL violated Chapter 541.060, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

CONNIE ROSENTHAL's conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues.  The conduct of CONNIE ROSENTHAL was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, CONNIE ROSENTHAL may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.

PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

CONNIE ROSENTHAL did not inspect the entirety of PLAINTIFF's property damages, and as such, did not report the full scope of damages in his estimate of cost to repair. In doing such, CONNIE ROSENTHAL failed to inform PLAINTIFF of material facts such as the cause of damage, true scope of damage and repair cost. CONNIE ROSENTHAL failed to properly process claims in not performing a proper investigation into PLAINTIFF's damages. By his actions herein and in Section IV above, he has misrepresented material facts to PLAINTIFF concerning the extent of damages, coverage, and cost of repair. CONNIE ROSENTHAL has failed to address all damage to the property and its contents causing further damage to PLAINTIFF. Further, in not performing a thorough inspection, CONNIE ROSENTHAL has intentionally failed to properly investigate, the interior of the home and the roof in particular, the loss and neglected damaged areas; failed to properly convey all information to PLAINTIFF concerning the damages that needed to be addressed; and has intentionally ignored damages to the property by failing to inspect them. PLAINTIFF's property suffered from covered losses and damages of which CONNIE ROSENTHAL is fully aware. CONNIE ROSENTHAL concealed damage known by him to exist by excluding covered damages from his report. CONNIE ROSENTHAL has known about covered windstorm, hailstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFF's pleas for help. CONNIE ROSENTHAL has failed to warn PLAINTIFF of consequential damage to their

16

property. CONNIE ROSENTHAL failed to reasonably investigate and perform testing at PLAINTIFF's residence.

By its conduct outlined herein and in Section IV above, CONNIE ROSENTHAL committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. CONNIE ROSENTHAL committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)   CONNIE ROSENTHAL made, issued or circulated or caused to be made. issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policies issued or to be issued:

   (i)      the terms of the policy; and/or

   (ii)     the benefits or advantages promised by the policy.

(2)   CONNIE ROSENTHAL made untrue statement of material facts as to the extent of PLAINTIFF's damages. CONNIE ROSENTHAL in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFF's insurance policy and how it applied to his claim. (Tex. Ins. Code Ann. 541.060(a) (1); 28 TAC section 21.203(1));

(3)   CONNIE ROSENTHAL failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(4)   CONNIE ROSENTHAL made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

17

(5)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(1 6)).

CONNIE ROSENTHAL's conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three times the amount of actual damages due to CONNIE ROSENTHAL'S knowing conduct.

## XIII.   Conspiracy and Fraud

In addition, by DEFENDANTS actions listed in Section IV and above, PLAINTIFF allege that STATE FARM and CONNIE ROSENTHAL have engaged in a concerted effort, and/or conspiracy to defraud PLAINTIFF of payment due under the insurance policy.  Together, CONNIE ROSENTHAL and STATE FARM failed to properly process PLAINTIFF's claims, failed to perform a complete and thorough inspection, failed to address all damage to the home and its contents, intentionally failed to fully investigate PLAINTIFF's losses, failed to properly convey all information to PLAINTIFF regarding the damages and coverage, concealed damages known to exist, failed to properly perform testing, failed to warn PLAINTIFF of consequential damages to the home, took advantage of PLAINTIFF's lack of knowledge in construction, repairs, and insurance claims processing, denied, delayed and/or assisted in the denial or delay for payment of covered insurance claims, misrepresented and/or assistance in the misrepresentation of insurance policy terms; and misrepresented and/or assisted in the misrepresentation of the amount and extent of damages to PLAINTIFF's property.

18

CONNIE ROSENTHAL and STATE FARM have acted to misrepresent to PLAINTIFF the extent of damages to PLAINTIFF's property along with said actions listed in Section IV and above, knowing them to be false or making them recklessly without regard to whether it is true or false, intending PLAINTIFFS to rely on such misrepresentations. DEFENDANTS intentionally failed to fully investigate PLAINTIFF's losses in not viewing the entirety of the premises, including but not limited to the roof, interior, and exterior, failed to properly perform testing to PLAINTIFF's structure, and misrepresented terms of the insurance policy and coverage related to windstorm, hailstorm, and water damage under the insurance policy.

## XIV.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by STATE FARM. As to any exclusion, condition, or defense pled by STATE FARM, PLAINTIFF would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by STATE FARM violates section 541 and 542 of the Texas Insurance Code and are void as against public policies;

3.     Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.     Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.     The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF's predecessor policy with STATE FARM. In this regard, PLAINTIFF would show that his insurance policies were renewed uninterrupted for many years; and

6.     The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policies, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFF. In the alternative, STATE FARM is judicially, administratively, or equitably estopped from denying PLAINTIFF's construction of the policy coverage at issue. To the extent that the wording of such policies does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XV.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PLAINTIFF herein requests a jury trial and along with the filing of his First Amended Original Petition have tendered to the Clerk of the Court the statutory jury fee.

## XVI.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, PEDRO ORTIZ, respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

## XVII.   REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF, PEDRO ORTIZ, requests that DEFENDANTS, STATE FARM and CONNIE ROSENTHAL disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

JOHN SAENZ & ASSOCIATES, P.C.

805 Dallas Ave.
McAllen, Texas 78501
Telephone: (956) 467-0111
Facsimile: (956) 467-1742

/s/ John Saenz
JOHN SAENZ
State Bar No. 24038046
HILARY N. DUNCAN
State Bar No. 24080868
ATTORNEYS FOR PLAINTIFF

21